| UNITED STATES BANKRUPTCY COURT<br>District of Delaware | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Taylor-Wharton International LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>26-1411577 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>5600 Rowland Road<br>Minnetonka, MN 55343    ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Hennepin | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):    ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check **one** box.) | Nature of Business<br>(Check **one** box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check **one** box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7   ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☑ Chapter 11<br>☐ Chapter 12   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |

| Chapter 15 Debtors<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | Tax-Exempt Entity<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check **one** box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☑ Debts are primarily business debts. |
|---|---|---|

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |

| **Voluntary Petition** <br> *(This page must be completed and filed in every case.)* | Name of Debtor(s): <br> Taylor-Wharton International LLC |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location <br> Where Filed:    District of Delaware | Case Number: <br> 09-14089-BLS | Date Filed: <br> 11/18/2009 |
| Location <br> Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor:    Taylor-Wharton Cryogenics LLC | Case Number: <br> pending | Date Filed: <br> 10/07/2015 |
| District:    District of Delaware | Relationship: <br> Affiliate | Judge: <br> pending |

<table>
<tr>
<td>

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐   Exhibit A is attached and made a part of this petition.

</td>
<td>

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____ <br>
    Signature of Attorney for Debtor(s)      (Date)

</td>
</tr>
</table>

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____ <br>
(Name of landlord that obtained judgment)

_____ <br>
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                              Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Taylor-Wharton International LLC |
|---|---|

| Signatures |
|---|

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|

X _____
Signature of Attorney for Debtor(s)
J. Cory Falgowski, Esquire (No. 4546)
Printed Name of Attorney for Debtor(s)
Reed Smith LLP
Firm Name
1201 Market Street, Suite 1500
Wilmington, DE 19801
Address
(302) 778-7500; jfalgowski@reedsmith.com
Telephone Number
October 7, 2015
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

| Signature of Debtor (Corporation/Partnership) | |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual
Thomas Doherty
Printed Name of Authorized Individual
Chief Restructuring Officer
Title of Authorized Individual
October 7, 2015
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Taylor-Wharton International LLC | Case No. 15-_____ (____) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Taylor Wharton Intermediate Holdings LLC 5600 Rowland Road, Suite 170 Minnetonka, MN 55343 | Membership Interests | 100% | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, Thomas Doherty, the Chief Restructuring Officer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date: <u>October 7, 2015</u>          Signature _____

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.

18 U.S.C. §§ 152 and 3571.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Taylor-Wharton International LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-_____ (____)<br>(Joint Administration Requested) |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 30 LARGEST UNSECURED CLAIMS

      Taylor-Wharton International LLC and Taylor-Wharton Cryogenics LLC are the debtors and debtors in possession in the above captioned cases (collectively, the "Debtors"). This list of creditors holding the 30 largest unsecured claims as of August 31, 2015 (the "Top 30 List") has been prepared on a consolidated basis for the Debtors. The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' Chapter 11 cases. The Top 30 List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31), or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein, including, without limitation (a) the failure of the Debtors to list any claim as contingent, unliquidated, disputed or subject to a setoff or (b) the listing of any claim as unsecured, does not constitute an admission by the Debtors that the secured lenders listed hold any deficiency claims, nor does it constitute a waiver of the Debtors' right to contest the validity, priority, nature, characterization and/or amount of any claim.

| Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, (with loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|
| O'Neal Steel Inc.<br>Attn: Robert Powell<br>One O'Neal Lane<br>Mobile, AL 36671<br>Tel: 251-457-4361<br>Email: rpowell@onealsteel.com | Trade Debt | | $788,815.00 |

---

[1]     The Debtors are the following two entities (with the last four digits of their taxpayer ID nos. in parenthesis):  Taylor-Wharton International LLC (1577) and Taylor-Wharton Cryogenics LLC (1713). The Debtors' corporate address is:  5600 Rowland Road, Minnetonka, MN 55343.

| | | | |
|---|---|---|---|
| Samuel, Son & Co. Inc.<br>Attn: John Pierce<br>24784 Network Place<br>Chicago, IL 60673-1247<br>Tel: 225-927-0146<br>E-mail: john.pearce@samuel.com | Trade Debt | | $615,469.00 |
| Nixon Peabody, LLP<br>Attn: Samuel Goldblatt<br>P.O. Box 28012<br>New York, NY 10087-8012<br>Tel: 617-345-1131<br>E-mail: sgoldblatt@nixonpeobody.com | Legal Fees | | $447,117.00 |
| S & B Machine Inc.<br>Attn: Jim Stadt<br>820 Blackburn Drive<br>Mobile, AL 36608<br>Tel: 251-633-4443<br>E-mail: jstadt@sandbmachine.com | Trade Debt | | $412,461.00 |
| Jiangsu Qiulin Special Energy<br>  Equipment<br>Joint Stock Limited Company<br>Attn: Carol Hua<br>No. 33 Yuexiang Rd<br>Yueheng Town,<br>Jiangyin City<br>Jiangsu Province<br>CHINA<br>Tel: 0510-86593126<br>E-mail: carol.hua@js-ql.com | Trade Debt | | $344,027.00 |
| Brighton True Edge Heads<br>Division of Enerfab<br>Attn: Stephen Hammoor<br>4955 Spring Grove Ave.<br>Cincinnati, OH 45232<br>Tel: 513-771-2300<br>E-mail:<br>steve.hammoor@brigthontrueedge.com | Trade Debt | | $327,831.00 |
| PW Stoelting LLC<br>Attn: Jeff Manning<br>1236 N. 18th Street<br>Sheboygan, WI 63081<br>Tel: 920-459-5292<br>E-mail: Jeffrey.manning@vollrath.com | Trade Debt | | $313,040.00 |

| | | | |
|---|---|---|---|
| Ilensys<br>Attn: V.M. Shivanand<br>Plot N. 168/1<br>Road No. 13A, Jubilee Hilll<br>INDIA<br>Tel: 91 40-66998235<br>E-mail: shivanand.vm@ilensys.com | Trade Debt | | $221,143.00 |
| Spaulding Composites, Inc.<br>Attn: Dan Gerard<br>55 Nadeau Drive<br>Rochester, NH 03867-4637<br>Tel: 603-332-0555<br>E-mail: dgerard@spauldingcom.com | Trade Debt | | $210,417.00 |
| Acme Metal Spinning Inc.<br>Attn: Mike Mokita<br>98 43rd Ave. N.E.<br>Minneapolis, MN 55421<br>Tel: 800-383-5971<br>E-mail: Mike@acmemetalspinning.com | Trade Debt | | $138,794.00 |
| KPMG LLP<br>Attn: Kate Jenkins<br>Dept. 0522<br>Dallas, TX  75312-0522<br>Tel: 267-256-8103<br>E-mail: kathleenjenkins@kpmg.com | Trade Debt | | $122,245.00 |
| Tri Star, Inc.<br>Attn: Michele Kelly<br>3740 E. LaSalle St.<br>Phoenix, AZ  85040<br>Tel: 602-575-2234<br>E-mail: michele.kelly@tristar.com | Trade Debt | | $120,118.00 |
| LZR-FIT- Samuel Pressure<br>  Vessel Group<br>Attn: Jeff Kroening<br>P.O. Box 673949<br>Detroit, MI 48267-3949<br>Tel: 715-224-2291<br>E-mail: jeff.kroening@samuel.com | Trade Debt | | $115,295.00 |
| Pacer Digital Systems, Inc.<br>Attn: Kevin Oeff<br>8658 Castle Park Drive<br>Indianapolis, IN 46256<br>Tel: 317-849-7887<br>E-mail: kevinoeff@pacerdigital.com | Trade Debt | | $113,608.00 |

| | | | |
|---|---|---|---|
| TW Metals<br>Attn:  Linda Thurman<br>175 Tubeway<br>Forest Park, GA  30297<br>Tel:  404-361-5050<br>E-mail:  Linda.Thurman@twmetals.com | Trade Debt | | $111,694.00 |
| Praxair Inc.<br>Attn: Kevin Regan<br>P O Box 91385.<br>Chicago, IL  60693-1385<br>Tel:  630-320-4482<br>E-mail: Kevin_Regan@Praxair.com | Trade Debt | | $103,127.00 |
| Rego Cryo-Flow Products/Div.<br>of Engineered Controls Int'l<br>Attn:  Jeff Hinshaw<br>Burlington, NC  27215<br>Tel: 336-222-6223<br>E-mail: jhinshaw@reggoproducts.com | Trade Debt | | $98,863.00 |
| Airgas Gulf States<br>Attn: Kevin Judice<br>5480 Hamilton Blvd.<br>Theodore, AL 36582<br>Tel:  251-653-8743<br>E-mail: Kevin.Judice@airgas.com | Trade Debt | | $98,345.00 |
| Yixing Hokkai Head Plate Co. Ltd.<br>Attn: WuNingFei<br>Yangxiang Ave., Wanshi Industrial Park<br>Yixing City, Jiangsu 214212<br>Tel: 86 510-87841662<br>E-mail: wuningfei@hokkai.com.cn | Trade Debt | | $96,540.00 |
| Hornsby Steel, Inc.<br>Attn: David Hornsby<br>57 Arena Drive<br>Cleveland, AL  35049<br>Tel: 205-274-7760<br>E-mail: david@hornsbysteel.com | Trade Debt | | $87,919.00 |
| C&K Plastics, Inc.<br>Attn:  Robert Carrier<br>159 Liberty Street<br>Metuchen, NJ  08840<br>Tel: 732-549-0011<br>E-mail:  rcarrier@candkplastics.com | Trade Debt | | $83,226.00 |

| | | | |
|---|---|---|---|
| Johnson Matthey<br>Attn: Mario DiGiacomo<br>Precious Metals Marketing<br>Suite 600, 435 Devon Park Dr.<br>Wayne, PA 19087-1998<br>Tel: 856-384-7000<br>E-mail: Mario.DiGiacomo@jmusa.com | Trade Debt | | $79,301.00 |
| Hoist & Crane Service Group<br>Attn: Joshua Begley<br>1733 Industrial Park Drive<br>Mobile, AL 36693<br>Tel: 800-761-5051<br>E-mail: begleyj@hoistcrane.com | Trade Debt | | $78,090.00 |
| Sullivan Manufacturing<br>Attn: Shawn Sullivan<br>19525 Keller Road<br>Foley, AL 36535<br>Tel: 251-955-1227<br>E-mail: sullivanmfg@gulftel.com | Trade Debt | | $73,537.00 |
| BK Plastics Industry Inc.<br>Attn: Bruce Knecht<br>13414 Byrd Drive<br>Odessa, FL 33556<br>Tel: 813-920-3628<br>E-mail: bkplastic@aol.com | Trade Debt | | $68,772.00 |
| Marieco, Inc.<br>Attn: Dan Mortenson<br>P O Box 590<br>Leeds, AL 35094<br>Tel: 205-669-7282<br>E-mail: DMGMORT@aol.com | Trade Debt | | $67,953.00 |
| Boyd Converting Company Inc.<br>Attn: Betty Siok<br>Pleasant Street<br>South Lee, MA 01260<br>Tel: 413-243-2000<br>E-mail: Bsiok@boydtech.com | Trade Debt | | $67,914.00 |
| Gulf Coast Marine Supply Inc.<br>Attn: Gary Lee<br>19525 Keller Road<br>Mobile, AL 36652<br>Tel: 251-452-8066<br>E-mail: jglee@gulfcoastmarine.com | Trade Debt | | $58,125.00 |

| | | | |
|---|---|---|---|
| Alabama Fluid System Technology<br>Attn: Mike Moity<br>26148 Capital Drive<br>Daphne, AL 36526<br>Tel: 251-625-2949<br>E-mail: Mike.Moity@swagelok.com | Trade Debt | | $54,580.00 |
| PBGC<br>Attn: Office of the Chief Counsel<br>1200 K Street NW<br>Washington, DC 20005-4026<br>Tel: 202-326-4020 | Pension Plans | Contingent and unliquidated. | Undetermined |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Taylor-Wharton International LLC, *et al.*,[1] | Case No. 15-_____ (____)<br>(Joint Administration Requested) |
| Debtors. | |

## DECLARATION CONCERNING CONSOLIDATED LIST OF CREDITORS
## HOLDING 30 LARGEST UNSECURED CLAIMS

I, Thomas Doherty, Chief Restructuring Officer of Taylor-Wharton International LLC and Taylor-Wharton Cryogenics LLC, declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing Consolidated List of Creditors Holding the 30 Largest Claims submitted herewith and the information contained therein is true and correct to the best of my knowledge, information and belief.

Dated: October _7_, 2015

_____
Thomas Doherty
Chief Restructuring Officer

---

[1]      The Debtors are the following two entities (with the last four digits of their taxpayer ID nos. in parenthesis):  Taylor-Wharton International LLC (1577) and Taylor-Wharton Cryogenics LLC (1713). The Debtors' corporate address is:  5600 Rowland Road, Minnetonka, MN 55343.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Taylor-Wharton International LLC, *et al.*,[1] | Case No. 15-_____ (____) |
| Debtors. | (Joint Administration Requested) |

## CERTIFICATION OF CONSOLIDATED LIST OF CREDITORS

The consolidated list of creditors being filed in electronic format contemporaneously with the foregoing petition (the "Creditor List") constitutes a full and complete list of the name and address of each creditor. This list is being filed pursuant to 11 U.S.C. § 521, Rules 1007 and 1008 of the Federal Rules of Bankruptcy Procedure, and Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. The above-above captioned debtors (the "Debtors") reserve the right to file an amended or supplemental list of creditors. The Creditor List is based upon the internal bookkeeping records of the Debtors as of August 31, 2015 and is accurate to the best of the undersigned's knowledge, information and belief, subject to further review.

I, Thomas Doherty, Chief Restructuring Officer of Taylor-Wharton International LLC and Taylor-Wharton Cryogenics LLC, entities named as Debtors in these cases, declare under penalty of perjury that I have read the Creditor List and it is true and correct to the best of my knowledge, information and belief.

Dated:  October 7 , 2015

Thomas Doherty
Chief Restructuring Officer

---

[1]     The Debtors are the following two entities (with the last four digits of their taxpayer ID nos. in parenthesis):  Taylor-Wharton International LLC (1577) and Taylor-Wharton Cryogenics LLC (1713). The Debtors' corporate address is:  5600 Rowland Road, Minnetonka, MN 55343.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Taylor-Wharton International LLC, *et al.*,[1] | Case No. 15-_____ (____) |
| Debtors. | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO
## FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(a)(1) AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and to enable the Judges to evaluate possible disqualification or recusal, on behalf of Taylor-Wharton International LLC and Taylor-Wharton Cryogenics LLC (collectively, the "Debtors"), the undersigned certifies that the direct or indirect ownership of 10% or more of any class of equity interests of any of the Debtors is as described on the chart attached hereto as "Exhibit A."

Dated:   October 7, 2015

_____
Thomas Doherty
Chief Restructuring Officer

---

[1]      The Debtors are the following two entities (with the last four digits of their taxpayer ID nos. in parenthesis):  Taylor-Wharton International LLC (1577) and Taylor-Wharton Cryogenics LLC (1713). The Debtors' corporate address is:  5600 Rowland Road, Minnetonka, MN 55343.

## EXHIBIT A TO CORPORATE OWNERSHIP STATEMENT

|   | Filing Entity | Corporate Ownership |
|---|---|---|
| 1 | Taylor-Wharton International LLC | • Debtor Taylor-Wharton International LLC's 100% owner is Taylor Wharton Intermediate Holdings LLC<br><br>• Taylor Wharton Intermediate Holdings LLC is 100% owned by the following five entities: (1) Alpha One, Inc.; (2) Beta Two, Inc.; (3) Gamma Three, Inc.; (4) Delta Four, Inc.; (5) Epsilon Five, Inc.<br><br>• Alpha One, Inc., Beta Two, Inc., Gamma Three, Inc., Delta Four, Inc., and Epsilon Five Inc., are each 100% owned by TWI-Holding LLC<br><br>• TWI-Holding LLC's 10% or greater owners are: (1) Wind Point Partners VI, L.P.; and (2) Carlyle Mezzanine Partners, L.P. |
| 2 | Taylor-Wharton Cryogenics LLC | • Debtor Taylor-Wharton Cryogenics LLC's 100% owner is Debtor Taylor-Wharton International LLC |

## RESOLUTIONS OF THE
## BOARD OF MANAGERS OF
## TAYLOR-WHARTON INTERNATIONAL LLC

**WHEREAS,** at special telephonic meetings held on September 30, 2015 and October 7, 2015 (the "Meeting"), all of the members of the board of managers (the "Board") of the Taylor-Wharton International LLC, a Delaware limited liability company (the "Company"), reviewed and considered the financial and operational condition of the Company and the Company's business on the date thereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company and credit market conditions; and

**WHEREAS,** the Board had the opportunity to consult with the management and the financial and legal advisors to the Company and fully consider each of the strategic alternatives available to the Company; and

**WHEREAS,** based upon the Board's review, the Board determined that it is in the best interests of the Company to file a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS,** the Board was presented with a draft of, and considered the transactions contemplated by, the proposed Asset Purchase Agreement substantially in the form attached hereto as **Exhibit A** (the "Asset Purchase Agreement"), by and among the seller party thereto (the "Seller") and the buyer party thereto (the "Buyer"); and

**WHEREAS,** the Asset Purchase Agreement provides for, among other things, the sale by the Seller and the purchase by the Buyer of the assets primarily or exclusively used in the Seller's CryoScience Business (as defined in the APA, the "Transferred Assets");

**WHEREAS,** the Board was presented with a draft of, and considered the transactions contemplated by, the proposed a Senior Secured Priming and Superpriority Credit Agreement substantially in the form attached hereto as **Exhibit B** (the "DIP Loan Agreement"), by and among the borrowers party thereto (collectively, the "Borrowers"), Antares Capital LP, as administrative agent (the "DIP Agent"), and each of the other financial institutions from time to time party thereto (together with DIP Agent, collectively, the "DIP Lenders"); and

**WHEREAS,** the DIP Loan Agreement provides the terms and conditions on which the Borrowers may receive certain debtor-in-possession financing from the DIP Lenders;

**WHEREAS,** the Board reviewed with management and the Company's legal and financial consultants, the terms of the Asset Purchase Agreement and the DIP Loan Agreement and the transactions contemplated thereby, had ample opportunity to consider, discuss and ask questions regarding (and so considered, discussed and asked questions regarding) the terms of the Asset Purchase Agreement and the DIP Loan Agreement and the transactions contemplated thereby; and

**WHEREAS,** the following is a true copy of the resolutions adopted by the Board at such meeting, pursuant to, and in compliance with, its organizational documents (the "<u>Resolutions</u>"), which Resolutions now stand of record on the books of the Company, are in full force and effect and have not been modified or revoked in any manner whatsoever.

## RESOLUTIONS:

### I.    Voluntary Petition Under the Provisions of Chapter 11 of the United States Bankruptcy Code

**RESOLVED,** that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, interest holders and other interested parties, that a voluntary petition (the "<u>Petition</u>") be filed by the Company under the provisions of Title 11 of the Bankruptcy Code; and it is further

**RESOLVED,** that the Company shall execute and file all petitions, schedules, lists and other papers or documents, and shall take any and all actions that are reasonable, advisable, expedient, convenient, necessary or proper to obtain such relief under the Bankruptcy Code; and it is further

**RESOLVED,** that any officer or manager of the Company be (collectively, the "<u>Authorized Officers</u>"), and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company: (i) to execute and file the Petition, as well as all other ancillary documents, in the United States Bankruptcy Court for the District of Delaware, and (ii) to execute and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ Thomas Doherty as Chief Restructuring Officer ("<u>CRO</u>") to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of Thomas Doherty as CRO; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Argus Management Corporation ("<u>Argus</u>") as interim management services provider to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of Argus; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Logan & Company, Inc. ("<u>Logan</u>") as noticing and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to

take any and all actions to advance the Company's rights and obligations, and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of Logan; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm Stifel, Nicolaus & Company, Incorporated ("SN&C") and its affiliate Miller Buckfire & Company LLC ("MB&C" and, together with SN&C, "Stifel"), as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of Stifel; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Reed Smith LLP ("Reed Smith") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including the preparation of pleadings and filings in the bankruptcy case commenced by the Company; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of Reed Smith; and it is further

**RESOLVED,** that Authorized Officers be, and hereby are, authorized and directed to employ any other individual or firm as professionals or consultants or financial advisors to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in this Chapter 11 bankruptcy case, and in connection therewith, the officers and managers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

## II.    Approval of Asset Purchase Agreement

**RESOLVED,** that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, interest holders and other interested parties, that the Company enter into the Asset Purchase Agreement, and consummate the transactions contemplated thereby; and it is further

**RESOLVED,** that the Asset Purchase Agreement, substantially in the form presented to the Board, be, and hereby is, authorized and approved and that the officers of the Company be and each of them acting alone hereby is, authorized to execute, in the name and on behalf of the Company, the Asset Purchase Agreement, in substantially the form presented to the Board, with such changes therein and additions thereto as the officer executing the same may approve, such

approval to be conclusively evidenced by the execution thereof, and thereafter to execute any amendment to the Asset Purchase Agreement and all other agreements, documents and certificates contemplated thereby as the officer executing the same may approve, such approval to be conclusively evidenced by the execution thereof; and it is further

**RESOLVED**, that the Company's entry into, and performance of its obligations under the Asset Purchase Agreement, substantially in the form presented to the Board, are hereby authorized and approved; and it is further

**RESOLVED**, that the officers of the Company shall be, and each of them acting alone hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to undertake such actions and execute and deliver, or cause to be executed and delivered, such other agreements, certificates and documents as may be required under the Asset Purchase Agreement or desirable in connection with the transactions contemplated thereby, with such changes, modifications or amendments as such officer in his or her sole discretion may approve, the execution and delivery thereof to be conclusive evidence of such approval; and it is further

## III.  Debtor-in-Possession Financing

**RESOLVED,** that the form, terms and provisions of (i) the DIP Loan Agreement to be entered into by the Borrower, the DIP Agent, and the DIP Lenders and (ii) any notes, subordination agreements, guaranty and security agreements, mortgages, control agreements, pledge agreements, patent and trademark security agreements, lease assignments, guarantees and other similar agreements and each other document, instrument, certificate, notice or agreement to be executed and delivered by the Company, the Borrowers and certain affiliates of the Borrowers in connection with the DIP Loan Agreement, including, but not limited to, any fee letter, (together with the DIP Loan Agreement, collectively, the "DIP Loan Documents"), which DIP Loan Documents (a) provide the Borrowers with (i) a revolving loan commitment in an amount not to exceed $13,800,000, including a letter of credit sub-facility for up to $7,700,000, on a secured super-priority priming lien basis; and (ii) convert certain prepetition loans into post-petition loans pursuant to a Roll Up DIP Facility (as such term is defined in the DIP Loan Agreement), (b) require all of the Borrowers' obligations therein to be guaranteed by the Company and other various affiliates of the Borrowers and (c) provide for the proceeds therefrom to be used to pay costs and expenses related to the DIP Loan Agreement and various related transactions thereto and for working capital and for other general corporate purposes of the Borrowers, including postpetition operating expenses of administration of the Borrowers' bankruptcy cases, in substantially the form submitted to the Board, be, and the same hereby are in all respects approved, and any Authorized Officer is hereby authorized and empowered, in the name of and on behalf of the Company, to execute and deliver each of the DIP Loan Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Board, with such changes, additions and modifications thereto as approved by an Authorized Officer, such approval to be conclusively evidenced by the execution and delivery thereof by an Authorized Officer; and it is further

**RESOLVED,** that each Authorized Officer be, and each of them, acting alone, hereby is authorized, directed and empowered from time to time in the name and on behalf of the Company to take any and all such actions, and to execute and deliver or cause to be executed and

delivered under seal of the Company or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the DIP Loan Documents (including, without limitation, any amendments, supplements or modifications to the DIP Loan Documents and such other documents, agreements, certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Company now or hereafter acquired as contemplated by the DIP Loan Documents, with full authority to indorse, assign or guarantee any of the foregoing in the name of the Company, in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing Resolution, and his or her execution and delivery thereof to be conclusive evidence that he or she deems is necessary or advisable, and his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of, and on behalf of the Company, as a debtor and debtor in possession, to take such actions and execute and deliver (a) the DIP Loan Documents; (b) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the DIP Agent; and (c) such forms of deposit account control agreements, officer's certificates and compliance certificates as may be required by the DIP Loan Documents; and it is further

**RESOLVED,** that the Authorized Officers be, and each of them hereby is, authorized and empowered to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or convenient to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company, such other filings in respect of intellectual and other property of the Company with the United States Patent and Trademark Office and the United States Copyright Office, among others, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Loan Documents; and it is further

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Loan Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Loan Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and it is further

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Loan Documents which shall in their sole judgment be necessary, proper or advisable; and it is further

**RESOLVED,** that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Loan Documents be, and hereby are, in all respects confirmed, approved and ratified; and it is further

## IV.    General

**RESOLVED,** that any specific resolutions that may be required to have been adopted by the Board in connection with the actions contemplated by the foregoing resolutions be, and they hereby are, adopted, and the officers of the Company be, and each of them acting alone hereby is, authorized to certify as to the adoption of any and all such resolutions and attach such resolutions hereto; and it is further

**RESOLVED,** that any appointed attorney-in-fact be, and hereby is, authorized and empowered, with power of delegation, in the name of and on behalf of the Company and each of its subsidiaries, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his/her discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and it is further

## V.    Further Actions and Prior Actions

**RESOLVED,** that in addition to the specific authorizations heretofore conferred upon the Authorized Officers be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of these resolutions; and it is finally

**RESOLVED,** that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

The undersigned, being the Secretary of the Company, does hereby certify, on behalf of the Company and not in an individual capacity, as follows:

1. I am the duly qualified and appointed Secretary of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of the Company;
2. the foregoing is a true, correct, and complete copy of resolutions duly adopted by the Board at the Meeting; and
3. The Resolutions have not been modified or rescinded, and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned has executed and caused this certificate to be delivered on behalf of the Company as of October 7, 2015.

Lynn L. Blake, Secretary